# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

REASSURE AMERICA LIFE INSURANCE COMPANY,

        Plaintiff,

v.                                                      Case No. 07-CV-829

GREGORY T. ISERMANN,

        Defendant.

_____

## ORDER

On September 13, 2007, plaintiff Reassure America Life Insurance Company ("Reassure America") filed its complaint in this action concerning various disability income insurance policies Reassure America sold to defendant Gregory T. Isermann ("Isermann"). On November 21, 2007, Isermann filed a motion to dismiss pursuant to Fed. R. Civ. P 12(b)(6) and, in the alternative, a motion for a more definite statement pursuant to Fed. R. Civ. P 12(e). In support of this motion, Isermann filed an affidavit with attached documents, and a motion for leave to file under seal the affidavit and attached documents. Isermann also filed a proposed protective order, and on December 12, 2007, in response to objections raised by Reassure America, Isermann filed a revised protective order. Reassure America does not oppose the revised proposed protective order or the motion for leave to file under seal the affidavit and attached documents.

The court will not sign an order that shields discovery information from public view unless the parties demonstrate good cause for doing so, and unless the order is narrowly constructed to shield only the information that deserves protection. As

a general proposition, pretrial discovery must take place in the public eye unless compelling reasons exist for denying the public access. *American Telephone & Telegraph Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); Fed. R. Civ. P. 26(c); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999) (noting that most cases endorse a presumption of public access to discovery materials).

In *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346 (7th Cir. 2006), the Seventh Circuit articulated the importance of the public record in preserving the legitimacy of the courts.

> Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification.

*Id*. at 348. The *Hicklin* court noted that this circuit has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Id*. (citations omitted).

Federal Rule of Civil Procedure 26(c) allows the court to enter a protective order for good cause shown. A protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Cincinnati Ins. Co.*, 178 F.3d at 946.

Here, Isermann submitted a proposed protective order substantially the same as the model form set forth in Civil L. R. 26.4. Pursuant to Civil L.R. 26.4, "[u]pon a showing of good cause, the Court may enter a protective order regarding confidentiality of all documents produced in the course of discovery . . . ." *Id.* Isermann's proposed protective order permits a party to designate as confidential any material when "such person/entity in good faith believes it contains trade secrets or nonpublic technical, commercial, financial, personal, or business information." (Protective Order ¶ 1.) Pursuant to the proposed protective order, Isermann seeks to file under seal his affidavit and attached documents because these materials contain confidential information including Isermann's health care records, the status of his disability, personal tax return information, financial and tax return information, and information protected by the attorney-client privilege.

After an initial review of the material Isermann seeks to file under seal, it appears the affidavit and attached documents contain some information that qualifies as legitimately confidential and/or proprietary. As such, the court concludes that good cause exists to warrant the sealing of the affidavit and attached documents. In addition, the court will grant Isermann's request for the entry of the unopposed proposed protective order governing documents marked confidential. Pursuant to paragraph 9 of the protective order, either party may challenge the designation of any material as confidential. Given that Reassure America has not yet had the opportunity to review Isermann's affidavit and attached documents, paragraph 9 of the protective order shall apply those documents.

Accordingly,

**IT IS ORDERED** that the defendant's motion for leave to file under seal his affidavit and attached documents (Docket #9) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the defendant's request for a protective order be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 17th day of January, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge