# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

REASSURE AMERICA LIFE INSURANCE COMPANY,

        Plaintiff,

v.                                      Case No. 07-CV-829

GREGORY T. ISERMANN,

        Defendant,

_____

## ORDER

On September 13, 2007, Plaintiff Reassure America Life Insurance Company ("Reassure") filed a summons and complaint alleging that defendant Gregory T. Isermann violated the terms of various insurance policies, and seeking declaratory judgment and further relief pursuant to 28 U.S.C. §§ 2201 and 2202. Isermann moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)") or, alternatively, for a more definite statement pursuant to Fed.R.Civ.P. 12(e) ("Rule 12(e)"). In response, Reassure moved to convert Isermann's motion into a motion for summary judgment pursuant to Fed.R.Civ.P. 56 ("Rule 56").

## BACKGROUND

Reassure alleges in its complaint that Isermann purchased three disability income insurance policies from Reassure's predecessor company covering both total and proportionate disabilities. Benefits payable under the policies were based in part on the insured's reduction in income as a result of any disability. Isermann submitted claims and received payments under his policies since 1993. Reassure claims that Isermann has not fully disclosed to Reassure information relating to his

income as required by the terms of the policy. Reassure seeks judgment from the court declaring that Isermann has breached the terms of his policies with Reassure and that Isermann is, therefore, not entitled to future benefits under the policies. Reassure also seeks to recover the amounts already distributed to Isermann under the policies.

In his motion, Isermann claims that Reassure has failed to state a claim against him for three principal reasons: (1) Reassure has no right to access the information it has requested; (2) Reassure cannot be granted the relief it seeks from the court under the Declaratory Judgment Act; and (3) the statute of limitations has run on Reassure's claim.

## ANALYSIS

A Rule 12(b)(6) motion requires the defendant show that the plaintiff has failed to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss for failure to state a claim, the court accepts all factual allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Lashbrook v. Oerkfitz*, 65 F.3d 1339, 1343 (7th Cir. 1995). The court will grant a motion to dismiss only where it appears beyond doubt from the pleadings that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Id.*; *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In order to state a claim in federal court, the plaintiff need only specify "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

Isermann argues that Reassure has no right to access records of Isermann's employer, that attorney-client privilege prevents disclosure of billing records requested by Reassure, and that the business judgment rule prevents Isermann from disclosing his employer's pension payments and legal expenses. These arguments are best characterized as potential defenses to Reassure's claim. To consider these grounds, the court would be required to look beyond the pleadings in the case. Such an inquiry is inappropriate without converting the motion to one for summary judgment. *See Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1429-30 (7th Cir. 1996).

Isermann also argues that Reassure is not entitled to declaratory judgment or further relief under 28 U.S.C. §§ 2201 and 2202 because Reassure has an improper purpose and is seeking relief for alleged past harms. Isermann claims that Reassure is seeking to use declaratory relief to conduct a "fishing expedition" and uncover evidence of fraud. It is true that declaratory judgment may not be used to search out or discover a cause of action. *See Fifth Ave. Peace Parade Comm. v. Gray*, 480 F.2d 326, 333 (2d Cir. 1973) (citations omitted). Rather, it is meant to provide persons with a vehicle to prevent avoidable damages when they are uncertain of their rights and threatened with such damages. *See Minnesota Mining and Mfg. Co. v. Norton Co.*, 929 F.2d 670, 673 (Fed. Cir. 1991); *Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1167-68 (7th Cir. 1969).

Here, Reassure's complaint alleges that Isermann has breached a duty of disclosure under the terms of the insurance policies. Reassure seeks to clarify

Isermann's duty to disclose under the policies and prevent Reassure from distributing future benefits to which Isermann may not be entitled. Reassure's ulterior motives or its suspicions of Isermann are irrelevant at this juncture as long as Reassure has stated a cognizable claim. The court finds that Reassure has stated a claim upon which relief can be granted in its complaint. Isermann's argument that Reassure is not entitled to past damages is also unconvincing grounds for dismissal. Again, Reassure has alleged that it would have continuing obligations to pay benefits under Isermann's policies. Moreover, money damages may be awarded in actions for declaratory judgment. *See* 28 U.S.C. § 2202 (allowing further relief to be granted in declaratory judgment actions); *see e.g.*, *Hudson v. Hardy*, 424 F.2d 854, 855 (D.C.Cir. 1970) (holding that "a claim for damages is not rendered moot by cessation of the wrong once done").

Finally, Isermann's statute of limitations argument defense is an inappropriate ground to dismiss a claim on a Rule 12(b)(6) motion. The statute of limitations is an affirmative defense rather than a necessary element of a plaintiff's claim for relief. *See* Fed.R.Civ.P. 8(c); *see U.S. v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) (holding that a Rule 12(b)(6) motion for failure to state a claim not barred by the statute of limitations was "irregular"). A plaintiff can state a claim upon which relief can be granted regardless of possible affirmative defenses available to a

defendant. *See id.* The court, therefore, does not consider Isermann's statute of limitations a defense at this time.[1]

Isermann's has moved alternatively for a more definite statement pursuant to Rule 12(e). Rule 12(e) allows a party to seek a more definite statement from an opposing party when a pleading is so vague or ambiguous that the party cannot reasonably respond. *See* Fed.R.Civ.P. 12(e). The court does not find that Reassure's complaint meets this standard. Isermann has been able to assert arguments in his brief that respond on the merits of Reassure's claim. Moreover, Isermann has not pointed out any defects or details he desires be added to the complaint. *See id.* Therefore, Isermann's motion for a more definite statement will be denied.

Reassure has moved to convert Isermann's motion into a motion for summary judgment pursuant to Rule 56 and to allow discovery. While the court may convert a motion to dismiss into a summary judgment motion after providing the parties notice and an opportunity to respond, the court finds that it would be inappropriate to do so here. *See* Fed.R.Civ.P. 12(d). Instead, the court directs Isermann to file an answer to the complaint on or before October 20, 2008. In order to facilitate further disposition of the case, the court will issue a separate order directing that counsel for the parties confer and thereafter file a Rule 26(f) report together with a proposed scheduling order.

---

[1] Even if the court had entertained this defense, Isermann has not made a sufficient showing to the court that the statute of limitations has run in this case.

-5-

Isermann has also filed a motion for a protective order staying discovery pending the court's consideration of his motion to dismiss. As a result of this order, Isermann's motion to stay discovery is rendered moot, and as such will be denied.

Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss, or in the alternative for a more definite statement (Docket #13) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to convert defendant's motion into a motion for summary judgment and to allow discovery (Docket #30) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for a protective order staying discovery (Docket #34) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the defendant serve and file its answer to plaintiff's complaint on or before **October 20, 2008**.

Dated at Milwaukee, Wisconsin, this 16th day of September, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge